UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 24.7.149.73,<br><br>Defendant. | No. 1:18-cv-01076-MCE-CKD<br><br><br><br>ORDER TO SHOW CAUSE |

This case is one of several nearly-identical matters, wherein plaintiff alleges that an as-yet-unidentified defendant is infringing on plaintiff's copyrights by anonymously downloading and distributing plaintiff's pornographic films. (ECF No. 1.) To obtain defendant's identity, plaintiff filed an ex parte application to subpoena defendant's internet service provider, which the court granted subject to certain limitations and conditions. (ECF No. 10.)

Between November 8, 2018 and November 9, 2018, the court granted plaintiff's ex parte application in fifteen of these matters. (See Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01075-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01076-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01080-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01081-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01088-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01089-MCE-CKD; Strike 3 Holdings, LLC v. John Doe,

1:18-cv-01294-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01298-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01300-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01303-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01304-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01679-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02188-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02189-MCE-CKD; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02190-MCE-CKD). Status reports were due within 45 days, or by December 24, 2018, in each of these fifteen matters. (See Id.)

The deadline having passed, plaintiff has failed to file a status report in this case, as ordered. Nor has plaintiff requested an extension of time. Inexplicably, plaintiff requested an extension of the time in only ten of the fifteen above-cited cases. (See Id.) Moreover, plaintiff has previously failed to comply with court-ordered deadlines in several other nearly-identical matters, and has been explicitly "cautioned to carefully calendar deadlines and follow all future court orders." (Strike 3 Holdings, LLC v. John Doe, 1:18-cv-00587-MCE-CKD, ECF No. 16 at 2; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01663-MCE-CKD, ECF No. 12 at 2; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01667-MCE-CKD, ECF No. 13 at 2; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01677-MCE-CKD, ECF No. 12 at 2.)

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Accordingly, IT IS HEREBY ORDERED that

1. Within 14 days of this order, plaintiff shall SHOW CAUSE in writing why the court should not impose $250 in sanctions based upon its failure to follow the court's previous order.

Dated: January 2, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE